### W. W. RHODES v. WADE SHELTON.

(Filed 14 May, 1924.)

**Easements—Statutes—Way of Necessity.**

> For the owner of lands, cultivating the same, to obtain a way of necessity over the lands of another to a public road, he must show that such way is "necessary, reasonable and just," under the provisions of C. S., 3836; and where it appears, without sufficient denial, that there is a public road leading to the cultivated lands, the petition is properly dismissed.

APPEAL by petitioner from *Lyon, J.,* at December Special Term, 1923, of STOKES.

Petition for cartway over lands of respondent, filed before Stokes County Highway Commission and heard *de novo* on appeal to Superior Court.

From a judgment dismissing the petition, entered as in case of nonsuit, the petitioner appeals.

*J. W. Hall and Holton & Holton for petitioner.*
*McMichael & McMichael, J. D. Humphreys, and N. O. Petree for respondent.*

STATE v. ASHBURN.

STACY, J.   Petitioner alleges that he owns and cultivates a certain tract of land to which there is leading no public road, and he asks for the laying-out of a cartway over the lands of the respondent, lying adjacent to and between the petitioner's land and the public highway leading from Lawsonville to Danbury.  Respondent files answer, denying the petitioner's right to a cartway as proposed by him, and alleges that the petitioner has a public road leading to and through the land described in the petition, and that he can reach the same by two public roads, from different directions, intersecting with said public road leading to and through his land.

It appearing from the evidence, without any sufficient denial, that there is a public road leading to the cultivated land of the petitioner, and there being no sufficient evidence to show that said proposed cartway is "necessary, reasonable and just," judgment was entered, on motion of respondent, dismissing the petition as in case of nonsuit.  In this we find no error.  C. S., 3836, and cases cited thereunder.  No benefit would be derived from detailing the evidence in full, as the only question before us is whether it is sufficient to carry the case to the jury, and we concur in the opinion of the trial court that it is not.

The judgment of nonsuit must be upheld.

Affirmed.